**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| Francis Root, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   2:20-cv-2306 |
| | ) | |
| United Holdings Group I, LLC, a | ) | |
| Delaware limited liability company, and | ) | |
| Spire Recovery Solutions, LLC, a | ) | |
| New York limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Francis Root, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendants' extensive business dealings here make it subject to this Court's general jurisdiction.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

**PARTIES**

3. Plaintiff, Francis Root ("Root"), is a citizen of the State of Illinois, from whom Defendants attempted to collect a defaulted consumer debt that he allegedly owed to LendingClub Corporation, despite the fact that he had exercised his rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago

Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, United Holdings Group I, LLC ("UHG"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. UHG operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant UHG was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, Spire Recovery Solutions, LLC ("SRS"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. SRS operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant SRS was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant UHG is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant UHG's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7.      Defendants UHG and SRA are authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, Defendants conduct extensive business in Illinois.

## FACTUAL ALLEGATIONS

8.      Mr. Root is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for a LendingClub Corporation ("LendingClub") account. In response to his financial problems, Mr. Root sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his debt problems, including the LendingClub debt.

9.      Accordingly, on August 20, 2018, one of Mr. Root's legal aid attorneys informed LendingClub that Mr. Root was represented by counsel, and directed LendingClub to cease contacting him and to cease all further collection activities because Mr. Root was forced, by his financial circumstances, to refuse to pay his unsecured debt. A copy of this letter and fax confirmation are attached at Exhibit B.

10.     Moreover, LendingClub had another debt collector, American Recovery Service, Inc. ("ARSI"), send Mr. Root, in care of his LASPD attorneys, a collection letter dated June 19, 2019, to demand payment of the LendingClub debt. A copy of this letter is attached at Exhibit C.

11.     Accordingly, on June 24, 2019, one of Mr. Root's legal aid attorneys again informed LendingClub, through ARSI that Mr. Root was represented by counsel, and directed LendingClub to cease contacting him and to cease all further collection activities because Mr. Root was forced, by his financial circumstances, to refuse to pay his unsecured debt. A copy of this letter and fax confirmation are attached at Exhibit D.

12. Thereafter, Defendant UHG bought/obtained Mr. Root's alleged LendingClub account, ignored the information in the account that told it, as the successor-in-interest, that it could no longer call or write Mr. Root, and had another debt collector, Eastpoint Recovery Group, Inc. ("ERGI"), send a collection letter, dated December 15, 2019, directly to Mr. Root, demanding payment of the LendingClub debt. A copy of this letter is attached as Exhibit E.

13. Accordingly, on December 18, 2019, Mr. Root's legal aid attorneys informed Defendant UHG in writing, that they represented Mr. Root, that he refused to pay and that Defendant UGH should cease communications. A copy of this letter and fax confirmation are attached at Exhibit F.

14. Nonetheless, Defendant UHG had Defendant SRS send a collection letter, dated October 6, 2020, directly to Mr. Root, demanding payment of the LendingClub debt. A copy of this letter is attached at Exhibit G.

15. Accordingly, on October 13, 2020, Mr. Root's legal aid attorneys had to inform Defendants, in writing yet again, that they represented Mr. Root, that he refused to pay the debt and that Defendants should cease communications. Copies of this letter and fax confirmation are attached as Exhibit H.

16. Undeterred, Defendants called Mr. Root, including, but not limited to telephone calls on October 13, 2020 and October 14, 2020, on both his home phone and cell phone, as well as calling other family members, specifically, his daughter and son, from telephone number 469-697-0801, regarding payment of the LendingClub debt.

17. Defendants' violations of the FDCPA were material because, although

Plaintiff had been informed by counsel and believed that he had the right to refuse to pay this debt and to demand that collection communications cease, Defendants' collection communications made Plaintiff believe that his demands had been futile and that he did not have the rights Congress had granted him under the FDCPA, which caused him stress and confusion.

18. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendants' actions caused Plaintiff to question whether he was still represented by counsel as to this debt, which caused stress and confusion as to whether he was required to pay the debt at issue.

19. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

20. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

21. Plaintiff adopts and realleges ¶¶ 1-20.

22. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

23.     Here, the letters from Plaintiff's attorneys to Defendants' predecessor-in-interest and directly to Defendants told Defendants to cease communications and cease collections. By directly communicating with Plaintiff regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA

24.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

25.     Plaintiff adopts and realleges ¶¶ 1-20.

26.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2).

27.     Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with his debt because his attorneys had given notice in writing, to Defendants' predecessor-in-interest and directly to Defendants, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff collection letters and directly calling Plaintiff, despite being repeatedly advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

28.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Francis Root, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Root, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Francis Root, demands trial by jury.

                    Francis Root

                    By: /s/ David J. Philipps_____
                    One of Plaintiff's Attorneys

Dated: October 30, 2020

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com